UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RUSSO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  1:19-cv-01045-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF No. 19) |

　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7 & 8).

　　　At a hearing on November 3, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

///

///

///

### A. Medical Evidence

Plaintiff claims that the ALJ made legal error by affording great weight to two non-examining reviewers over the opinions of Plaintiff's treating physician, Dr. Anisha K. Patel. The Ninth Circuit has held regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Dr. Patel's opinion is contradicted by two non-examining state-agency medical consultants. Thus, this Court examines whether the ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Patel's opinions.

The ALJ included the following discussion regarding Dr. Patel's opinion:

> I gave little weight to the Mental Capacity Assessment completed by Anisha K. Patel, D.O., on July 6, 2016. She opined marked to extreme limits in areas involving sustained concentration and persistence, social interaction and adaptation with slight limits in understanding and memory (Exhibit 20F, pp. 2-4). Dr. Patel supported her assessments with notes regarding the claimant's longstanding fixed delusions. (Exhibit 20F, p. 3). However, as noted above, Dr. Patel noted evidence of the claimant's reports of a music career and thus removed the diagnosis of delusional disorder. Further, her limitations were inconsistent

    with, for example, mental status examination findings on August 3, 2016, which included friendly and talkative behavior, appropriate appearance, normal motor activity, and broad and happy affect (Exhibit 22F, p. 17). I also gave little weight to the Mental Impairment Questionnaire completed by Dr. Patel on March 3, 2017. She opined moderate to marked limits in areas related to understanding and memory, and moderate to extreme limits in areas related to sustained concentration and persistence (Exhibit 23F, pp. 2-3). She further opined moderate to marked limits in areas related to social interaction, and moderate limits in areas related to adaptation (Exhibit 23F, pp. 3-4). Dr. Patel referred to anxiety and depressive symptoms but did not refer to objective mental status examination findings to support her limitations (Exhibit 23F, p. 3). Further, while mental status examinations during this period reported findings that included restricted affect and stressed or upset mood, notes showed situational factors such as roommate conflict, the death of a friend and her father's surgery. Moreover, the examinations revealed otherwise normal findings such as appropriate appearance, linear thought process, normal thought content, intact memory, intact insight and cooperative behavior, findings that supported no more than moderate symptoms (Exhibit 25F, pp. 2-4).

(A.R. 32).

    Plaintiff argues the ALJ erred by relying too heavily on Dr. Patel's removal of Plaintiff's diagnosis of delusional disorder. Plaintiff argues that regardless of her potential delusional disorder, her other mental illnesses render her disabled.

    That is too narrow a reading of the ALJ's rationale. The ALJ also found various inconsistencies in Dr. Patel's opinions. For instance, the ALJ noted that on August 3, 2016, Dr. Patel found that Plaintiff was "happy," that her mood was "good," that she was "[f]riendly" and "talkative[.]" (A.R. 960). The ALJ determined these were inconsistent with Dr. Patel's opinions that Plaintiff had marked and extreme limitations in her abilities to have social interactions. (A.R. 32; A.R. 926). In addition, the ALJ noted that Dr. Patel provided a number of normal findings in her examination on April 5, 2017, such as that her memory was "Intact" and that she did not have delusions. (A.R. 1347). Those notes conflict with Dr. Patel's opinions that Plaintiff has moderate and marked limitations in her abilities to understand and remember. (A.R. 966). Therefore, the ALJ provided specific and legitimate reasons supported by substantial evidence for giving Dr. Patel's testimony little weight.

              **B.**    **Plaintiff's Testimony Concerning Her Symptoms**

    Next, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for

rejecting Plaintiff's testimony concerning her symptoms.

"Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492–93 (9th Cir. 2015) (quotation marks and citation omitted).[1] The Court reviews only the ALJ's stated reasoning and cannot "comb the administrative record to find specific conflicts" between Plaintiff's testimony and the medical evidence. *Id.* at 494.

The ALJ found the following concerning Plaintiff's statements concerning her symptoms:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. For example, the claimant reported treatment for her conditions included medications and visits with medical providers (*See, e.g.,* Exhibits 16E-18E; 20E-22E; 25E). However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. For example, although she alleged disabling conditions, she admitted she has been able to do singing performances on occasion and goes to Los Angeles to perform. Indeed, treatment notes on November 11, 2016 noted that while the anniversary of her mother's death was coming up and she dealing with stress of her roommate, the claimant reported she was going to Santa Monica for Thanksgiving weekend with her band and that she dealt with her roommate conflict well (Exhibit 22F, p. 13). Moreover, the objective medical evidence supports the above residual functional capacity.

(A.R. 28).

Plaintiff argues that the ALJ erred by finding the possibility of Plaintiff's music career as inconsistent with her testimony. Given the record evidence, one paragraph by the ALJ concerning Plaintiff's music career alone would not suffice to find clear and convincing evidence. However, the ALJ also cited to other aspects of Plaintiff's testimony, such as her capabilities in traveling during the Thanksgiving holiday and in solving interpersonal conflicts. (A.R. 28; 956). The ALJ

---

[1] The Commissioner acknowledges the Ninth Circuit's use of the clear and convincing evidence standard but argued that the proper standard is "the deferential substantial evidence standard set forth in 42 U.S.C. § 405(g) . . . ." (ECF No. 24 at 16). Ninth Circuit precedent clearly rejects this approach. *See Brown-Hunter*, 806 F.3d at 493 (noting and rejecting Commissioner's argument against clear-and-convincing standard).

4

also pointed to Plaintiff's medical records showing unremarkable findings. (*See* A.R. 28-29; 929 ("PSYCHOLOGICAL: generally good mood, positive affect"); 931 (same); 960 (various unremarkable findings)). On this record, the ALJ provided clear and convincing reasons to reject Plaintiff's testimony.

## II.     CONCLUSION AND ORDER

Thus, the decision of the Commissioner of Social Security is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 24, 2020**               /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE